UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEREK L. STREETER,**

    **Plaintiff,**

v.                                          CASE NO. 3:24-cv-565-MCR-ZCB

**CITY OF PENSACOLA, FLORIDA**

    **Defendant.**

_____/

**REPORT OF PARTIES' PLANNING MEETING (FORM 52)
AND ADDITIONAL MATTERS REQUIRED
BY INITIAL SCHEDULING ORDER**

In accordance with the Court's Initial Scheduling Order (ECF 3), the parties submit the following information:

*REPORT OF THE PARTIES' PLANNING MEETING (FORM 52)*

1. As set forth in the aforementioned Order, the following persons participated in a Rule 26(f) conference by conference call on December 13, 2024 and hereby submit that they have fully complied with the letter and spirit of the rule and the Court's Initial Scheduling Order.

   Marie A. Mattox – Counsel for Plaintiff

   Robert E. Larkin, III, and Avery D. McKnight – Counsel for Defendant

2. **Initial Disclosures**. The parties will complete the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **December 27, 2024**.

3. **Discovery Plan.** The parties propose this discovery plan:

    a. <u>Discovery will be needed on these subjects</u>: all matters covered in section 6(c) below.

    b. <u>Discovery deadline</u>: All discovery will commence in time to be completed by **September 26, 2025**.

    c. <u>Interrogatories</u>: Maximum number of interrogatories and the response due dates are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

    d. <u>Requests for Admissions</u>: Maximum number of requests for admissions and the response due dates are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

    e. <u>Number of Depositions</u>: A maximum of (10) depositions will be taken by Plaintiff and a maximum of ten (10) depositions will be taken by the Defendant. Additional depositions can be taken by agreement of the parties or by Court Order if opposed.

    f. <u>Length of Depositions</u>: Each deposition shall be limited to a maximum of seven (7) hours, unless extended by agreement of parties.

    g. <u>Expert Reports</u>: Reports from retained experts under Rule 26 (a)(2) are due:

    from the Plaintiff by **January 12, 2025**.

          from the Defendant by **February 11, 2025.**

          Reports from the Plaintiff's rebuttal expert shall be due 30 days after service of the Defendant's expert report, if any.

    h.    <u>Supplementation of Discovery</u>: The supplementation of discovery will be governed by Federal Rule of Civil Procedure 26(e).

4.    **Other Items.**

    a.    <u>Scheduling Conference</u>: The parties do not request a conference with the court before the entry of the Scheduling Order.

    b.    <u>Amending Pleadings/Joining Parties (Plaintiff)</u>: The last date for the parties to join additional parties and to amend pleadings is March 15, 2025

    c.    <u>Dispositive Motions</u>: All potentially dispositive motions should be filed not later than twenty-one (21) days after the close of discovery, which is scheduled for **October 17, 2025**.

    d.    <u>Prospects for Settlement</u>: Settlement at this time is unlikely.

    e.    <u>Alternative Dispute Resolution Procedures</u>: Settlement may be enhanced by use of the following alternative dispute resolution procedures: Mediation will be scheduled and completed no later than thirty (30) days after the close of discovery.

    f.    <u>Witness and Exhibit Lists</u>: Final lists of witnesses and exhibits should be due in accordance with the trial scheduling order from this Court.

    g.    <u>Objections to Witness and Exhibit Lists</u>: The parties should have seven (7) days after service of the final list of witnesses and exhibits to list objections under Rule 26(a)(3).

    h.    <u>Trial Date and Length</u>: The parties in good faith estimate that this case should be ready for trial on or after **December 1, 2025**, and anticipate it will take approximately three (3) days to try this case. In light of other pending litigation, the undersigned counsel believe that the proposed date is reasonable and appropriate for all parties and witnesses who will be required to be at trial.

    i.    <u>Other matters</u>**:**  None.

***ADDITIONAL INFORMATION REQUIRED BY THE<br>COURT'S SCHEDULING ORDERS***

5.    **<u>Magistrate</u>**: The parties have conferred regarding magistrate jurisdiction in this case.

6.    **<u>Nature and Basis of Claims and Defenses</u>**

    a.    <u>Plaintiff's Position</u>:  Plaintiff claims that he has been repeatedly denied promotions due initially to his race and then retaliation.  This is an ongoing and systemic issue.  He seeks damages, attorneys fees, costs and injunctive relief.

    Plaintiff's adverse actions:

       1. the failure to promote Plaintiff

    b.     <u>Defendant's Position</u>: Defendant wholly denies that Plaintiff has been discriminated against based upon his race or in retaliation for his alleged protected activity as set forth in his Complaint. Plaintiff cannot establish a *prima facie* case as to either of his asserted claims. To the extent Plaintiff can meet his *prima facie* burden under either claim, which he cannot, any and all employment actions taken regarding Defendant's decision to not promote Plaintiff were based on non-discriminatory and/or non-retaliatory business reasons that Plaintiff cannot rebut as pretextual for unlawful employment discrimination. Contrary to his assertions, Plaintiff cannot establish that his race or his prior lawsuits played any role in the decisions to promote those who were deemed more qualified to fill the Battalion Chief positions.

    As to the Plaintiff's retaliation claim, Defendant further submits that any alleged adverse employment action of which the Plaintiff complains was predicated upon grounds other than, and would have been taken absent, the Plaintiff's alleged exercise of any rights protected by Federal or State law. Standing alone, the temporal proximity of approximately twenty (20) years from the filing of his 2003 lawsuit to his alleged July 14, 2022 internal complaint on behalf of a firefighter is far too remote and wholly insufficient, as a matter of law, to infer any retaliatory animus regarding the Defendant's decision not to promote him on

"February 3, 2023" as alleged. In fact, Plaintiff's prior alleged race and/or retaliation claims have been dismissed in response to Defendant's motions for summary judgment by order of: (a) this Honorable Court on March 29, 2019 (Case No. 3:17CV849-RV/CJK); and (b) the Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida on June 29, 2023 (Case No. 2020-CA001499).

The legitimate, non-discriminatory and/or non-retaliatory reasons for Defendant's employment decisions include that Plaintiff was not deemed the most qualified person to be promoted as to any of the available three (3) Battalion Chief positions based on the final rankings of a structured interview process. The record evidence shows that the top three ranked candidates were recommended and selected for the Battalion Chief positions. Importantly, Plaintiff's final ranking was fourth overall along with another white candidate and there were two other white candidates who were ranked lower than Plaintiff and also not promoted. As to the available Battalion Chief position at the Pensacola Airport, Plaintiff specifically had never worked at the Airport, whereas the person selected was: (a) the third highest ranked candidate; and (b) had served at the Airport as a Fire Lieutenant. Accordingly, that candidate was deemed the most qualified to be promoted to Battalion Chief at the Airport.

The Defendant has acted, at all times material, in accordance with Federal and State law. The Defendant also reasserts its affirmative defenses as

expressly set forth in its Answer and Affirmative Defenses to Plaintiff's Complaint. Accordingly, Plaintiff is not entitled to the relief sought in his Complaint

  c.  The principal factual and legal issues in dispute are:

    (1)  Whether Plaintiff has failed to state a cause of action for any of the claims asserted under 42 U.S.C. 2000e et seq.;

    (2)  Whether Plaintiff can establish a *prima facie* case of race discrimination as alleged;

    (3)  Whether Plaintiff can establish a *prima facie* case of retaliation as alleged;

    (4)  Whether the alleged adverse employment actions taken by Defendant was "but for" Plaintiff's alleged protected activity;

    (5)  Whether the employment actions taken by Defendant involving Plaintiff were for legitimate, non-discriminatory and/or non-retaliatory reasons;

    (6)  Whether Plaintiff can demonstrate that Defendant's legitimate, non-discriminatory and non-retaliatory reasons are pretextual;

    (7)  Whether Plaintiff has failed to timely exhaust his administrative remedies or satisfy all conditions precedent prior to instituting the instant action;

      (8)    Whether Plaintiff is entitled to damages; and

      (9)    All other issues raised in Plaintiff's Complaint, Defendant's answer and affirmative defenses.

7. **Possibility for Settlement**: The parties' position on settlement is set forth in sections 4(d) and (e) above.

8. **Proposed Timetables and Cutoff Dates**: The proposed timetables and cutoff dates are set forth in paragraphs 1-4 above, including proposed revisions to the scheduling order.

9. **Discovery Requirements**: The parties' respective discovery requirements and proposed deadlines are set forth in paragraphs 1-4 above.

10. **Electronic Discovery**: Disclosure or discovery of electronically stored information should be handled as follows:

    a.    If a party requests or produces information from electronic or computer-based media, the disclosure or production shall be limited to data reasonably available to the parties in the ordinary course of business. If a party knows or has reason to believe additional data or information exists but is not being produced, it shall identify the nature and extent of that additional information or data, the identity of person(s) with knowledge of its nature and extent, and the expected

        cost(s) of retrieval, so that the requesting party can reasonably determine whether to pursue its production.

   b.   In the event the court orders the production of data beyond what is reasonably available to the parties in the ordinary course of business, the requesting party shall bear the cost of its disclosure or production.

   c.   The parties agree to the exchange of production, whether electronic or computer based data or not, in electronic form via electronic mail or CD format, at the preference of the requesting party.

   d.   The parties have taken and will continue to take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

   e.   Upon reasonable belief by the requesting party that privileged information was inadvertently produced, the requesting party agrees to immediately contact the producing party to arrange prompt return of the information.

11.   **Other Matters**: Pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the parties' consent to service via electronic means.

DATED this 2nd day of January 2025.

| | |
|---|---|
| */s/ Marie A. Mattox* <br> Marie A. Mattox, Esq. <br> Florida Bar No. 0539211 <br> marie@mattoxlaw.com <br> Marie A. Mattox, P.A. <br> 203 North Gadsden Street <br> Tallahassee, Florida 32301 <br> Telephone: 850-383-4800 <br> Facsimile: 850-383-4801 <br><br> *Counsel for Plaintiff* | */s/ Robert E. Larkin, III* <br> Robert E. Larkin, III, Esq. <br> Florida Bar No. 016081 <br> rlarkin@anblaw.com <br> Avery D. McKnight, Esq. <br> Florida Bar No. 0974633 <br> amcknight@anblaw.com <br> ALLEN NORTON & BLUE, P.A. <br> 906 North Monroe Street <br> Tallahassee, Florida 32303 <br> Telephone: 850-561-3503 <br> Facsimile: 850-561-0332 <br><br> *Counsel for Defendant* |